

**Moritt Hock & Hamroff** LLP
ATTORNEYS AT LAW

Alexander D. Widell
Partner
Direct Number: (516) 880-7233
Email: awidell@moritthock.com

November 19, 2015

**VIA ECF AND EMAIL**

The Honorable Judge Richard J. Sullivan
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
New York, New York 10007

  Re: *Jessica L. Wahl v. Sterling & Sterling Inc., et al.*
     <u>Civil Action No. 15-cv-06522 (RJS)</u>

Dear Judge Sullivan:

  This firm represents two of the defendants in the above-referenced action – Sterling & Sterling Inc. ("Sterling") and David Sterling, Sterling's Chief Executive Officer (the "Sterling Defendants"). We write, pursuant to Rule 2.A. of Your Honor's Individual Rules and Practices in Civil Cases, to request a pre-motion conference in anticipation of a motion by the Sterling Defendants to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## A. General Background

  Sterling hired Plaintiff Jessica Wahl in May 2011 as Senior Vice President, Claims and ES&P. Approximately three years later, Plaintiff requested and was granted leave due to alleged medical issues. Following her decision to take medical leave, Plaintiff filed the above-referenced action against the Sterling Defendants and her immediate supervisor, Leslie Nylund, alleging (1) hostile work environment, (2) retaliation, and (3) constructive discharge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"). Plaintiff generally claims an alleged hostile work environment, where male "producers" (*i.e.*, salespersons) supposedly yelled at and were impatient with her and other female employees who support the producers on the service side of the business.

## B. Grounds for the Motion to Dismiss

  As detailed below, Plaintiff's claims should be dismissed on the following grounds:

(i) Plaintiff's Title VII claims are completely time barred;

(ii) Plaintiff's Title VII discrimination and retaliation claims against any individual defendant, including David Sterling, are improper;

(iii) Plaintiff fails to adequately allege discriminatory animus; and

(iv) Plaintiff admits she has not been constructively discharged.

### 1. The Title VII Claims Are Time-Barred

Title VII requires that a plaintiff file an administrative claim with the EEOC or equivalent state agency within 300 days "after the alleged unlawful employment action occurred." 42 U.S.C. § 2000e-5(e)(1); *see also Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 125-26 (2d Cir. 2010) ("the statute of limitations for filing a charge of discrimination with the Equal Employment Opportunity Commission is 300 days."). Plaintiff filed her charge of sex discrimination with the EEOC on March 2, 2015. *See* Complaint ¶ 9. As such, only alleged conduct occurring after May 6, 2014 (300 days prior to the March 2, 2015 EEOC Charge filing) is legally actionable. Plaintiff, however, does not allege any discriminatory acts after April 17, 2014. *See* Complaint at ¶¶ 117, 119. Accordingly, all of Plaintiff's Title VII claims are time-barred (Counts I, II and III).[1]

### 2. The Title VII Claims Against the Individual Defendants Should Be Dismissed

"[I]ndividuals are not subject to liability under Title VII." *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000). Thus, the Title VII claims against the individual defendants, including David Sterling, must be dismissed.

### 3. Plaintiff's Hostile Work Environment Claim Fails to Adequately Allege Discriminatory Animus

In order to state a hostile work environment claim in violation of Title VII and the NYSHRL,[2] a plaintiff must allege facts that demonstrate that the environment was created "because of" her gender. *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007). "It is axiomatic that mistreatment at work, whether through subjection to a hostile environment or through such concrete deprivations as being fired or being denied a promotion, is actionable under Title VII only when it occurs *because of an employee's sex, or other protected characteristic*." *Brown v.*

---

[1] Plaintiff cannot avail herself of the "continuing violation" exception to the limitations period, which requires that at least "'one act of discrimination in furtherance of the ongoing policy occurred within the limitations period.'" *Lugo v. City of New York*, 518 F. App'x 28, 29 (2d Cir. 2013).

[2] "Hostile work environment claims under both Title VII and the NYSHRL are governed by the same standard." *Summa v. Hofstra Univ.*, 708 F.3d 115, 123-24 (2d Cir. 2013).

*Henderson*, 257 F.3d 246, 252 (2d Cir. 2001) (emphasis added).

The only allegation included in Plaintiff's 155 Paragraph Complaint (as well as her 408 Paragraph EEOC Charge (Exhibit A to the Complaint)) that even arguably suggests a discriminatory animus is in Paragraph 68, wherein Plaintiff alleges that shortly after she started working in 2011, Thomas Clementi (a male producer) told her that "there were too many women in leadership in the company and that [she] was only hired because a woman . . . was in charge." Complaint ¶ 68. Such a single, stray comment, however, does not remotely support an inference of discriminatory intent. *See Kouakou v. Fideliscare N.Y.*, 920 F. Supp. 2d 391, 398 (S.D.N.Y. 2012). Even if the Court were to consider Plaintiff's other random, non-sex based allegations they are all sporadic, isolated incidents ranging from 2011 – 2014 which do not demonstrate a workplace "permeated with discriminatory intimidation." *Martinez v. City of New York*, 338 F. App'x 71, 73 (2d Cir. 2009).

**4.     Plaintiff Has Admitted That She Has Not Been Constructively Discharged**

In addition to being time-barred, Plaintiff's constructive discharge claim should be dismissed for the simple reason that she has not been discharged at all. Indeed, at her deposition in *Pictorial Offset Corp. et al. v. Zurich American Insurance Co.*, Case No. 14-cv-05024 (D. N.J.), an unrelated matter, Plaintiff testified as follows:

Q. So why did you leave Sterling?

A. . . . I was just physically unwell and left for medical disability. And, unfortunately, disability continues to today. But I certainly gave it my all until my last day, which was in late April of 2014.

Q. Did you get terminated from Sterling?

A. No. I -- I suppose -- I'm not a labor lawyer, but *I was not terminated. In fact, there were -- the door's open probably today to come back.* I just was not physically able to maintain a full working day physically, very uncomfortable -- medically I should say -- very uncomfortable and chronically fatigued, etc. *So, no, I wasn't terminated. I just had medical issues that prevented me from showing up for work.*

For these reasons, the Sterling Defendants intend to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully,

Alexander D. Widell

cc:    Martin R. Lee, Esq. (by email and ECF)
       Mercedes Colwin, Esq. (by email and ECF)

813075v8