RYAN SESTACK
RSESTACK@GORDONREES.COM

**GORDON & REES** LLP

ATTORNEYS AT LAW
ONE BARRY PARK PLAZA 28TH FLOOR
NEW YORK, NEW YORK 10004
PHONE: (212) 453-0700
FAX: (212) 269-5505
WWW.GORDONREES.COM

November 23, 2015

**VIA ECF AND EMAIL**
The Honorable Richard J. Sullivan, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room, Room 2104
New York, New York 10007

   Re: *Jessica L. Wahl v. Sterling & Sterling, et al.*
      Civil Action No.: 15-cv-06522 (RJS)

Dear Judge Sullivan:

  We represent defendant, Leslie Nylund ("Nylund"), in the above-referenced matter. Pursuant to Rule 2(A) of Your Honor's Individual Practices, we respectfully request a pre-motion conference in connection with Nylund's anticipated motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the claims brought by plaintiff, Jessica L. Wahl ("Plaintiff").

  In the complaint, Plaintiff purports to bring claims of a hostile work environment based on gender, retaliation, and constructive discharge under Title VII of the Civil Rights Act of 1964 ("Title VII") and under the New York State Human Rights Law ("NYSHRL"). For the reasons set forth below, Plaintiff's claims against Nylund cannot survive a motion to dismiss.

  Plaintiff is a former employee of Sterling & Sterling, Inc., an insurance broker and risk management firm. She alleges that throughout her approximately three years of employment with Sterling & Sterling she was subjected to a hostile work environment because two employees of the firm made insults, jokes, and comments targeted at women and single mothers, herself included. Plaintiff contends that Nylund retaliated against her for reporting the aforesaid misconduct by moving her to a smaller office and issuing her a verbal warning for insubordination during a performance review. She further contends that she was constructively discharged from her position on account of the alleged maltreatment she was subjected to during the course of her employment.

1

With respect to Plaintiff's Title VII claims against Nylund, it is well-settled law that "individuals are not subject to liability under Title VII." *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004) (citation omitted); *see also*, *Tomaka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII"), *abrogated on other grounds by Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998). Thus, as a matter of law, Nylund cannot be held individually liable under Title VII. Consequently, Plaintiff's Title VII claims against her cannot survive a motion to dismiss.

Similarly, Plaintiff's remaining claims against Nylund brought under the NYSHRL must be dismissed because they fail to state a valid claim. Under the NYSHRL, an individual may be held liable for unlawful discrimination if the individual has an ownership interest in the employer, has the power to hire or fire the plaintiff, or "actually participates in the conduct giving rise to a discrimination action." NYSHRL, § 296(1)(a); § 296(6). Plaintiff does not allege that Nylund had an ownership interest in Sterling & Sterling or that she had the power to hire or fire her. Similarly, Plaintiff does not allege that Nylund engaged in any of the discriminatory acts forming the basis of her claims. Accordingly, Plaintiff's claims under the NYSHRL against Nylund fail.

Moreover, Plaintiff's allegations do not support a claim of hostile work environment. "An employee is subjected to a hostile work environment when she alleges that she was the victim of conduct 'severe and pervasive enough to create an environment that would reasonably be perceived, and is perceived as hostile or abusive.'" *Morrison v. Potter*, 363 F. Supp. 2d 586, 592 (S.D.N.Y. 2005) (*quoting Schwapp v. Town of Avon*, 118 F. 3d 106, 110 (2d Cir. 1997)). A hostile work environment is limited "to situations in which a plaintiff's workplace is permeated with 'discriminatory intimidation, ridicule and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment.'" *Id.* (internal quotations omitted).

The incidents alleged in the complaint do not constitute the type of discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and create a hostile work environment. As the Supreme Court has noted, "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Clark Cnty. Sch. Dist. V. Breedon*, 532 U.S. 268, 271 (2001) (citations omitted). In addition, the alleged comments lack the requisite connection to Plaintiff's gender, and merely constitute workplace disputes. The alleged acts of hostility set forth in the complaint include statements such as "You have an excuse for everything!," "I have been here for more than twenty-five years and I am not changing now. If you don't like it – tough," "do you feel better now," and "I am going to kill you." (Compl. at ¶¶ 27, 29, 75, 93). The other alleged acts of hostility include greetings from a coworker consisting of "unwelcomed embraces, strong hugs, kisses to Plaintiff's face" and massages. (Compl. at ¶35). Yet, Plaintiff does not allege that these acts were motivated by her gender. Instead, she alleges that it was because her coworker loved her and was glad she was at Sterling & Sterling. (*Id.* at ¶38). The Second Circuit Court of Appeals observed that "[e]veryone can be characterized by sex, race, ethnicity or (real or

perceived disability); and many bosses are harsh, unjust, and rude.  It is therefore important in hostile work environment cases to exclude from consideration personnel decisions that lack a linkage or correlation to the claimed ground of discrimination." *Alfano v. Costello*, 294 F.3d 365, 377 (2d Cir. 2002); *see also*, *Galdieri-Ambrosini v. National Realty & Dev. Corp.*, 136 F.3d 276, 289 (2d Cir. 1998 (a plaintiff must "establish that the harassment complained of was based on her gender").

Furthermore, Plaintiff does not allege a valid claim of constructive discharge.  To state a claim for constructive discharge, a plaintiff must allege "'working conditions so intolerable that a reasonable person would have felt compelled to resign.'" *Pa. State Police v. Suders*, 542 U.S. 129, 147 (2004) (*quoting Sure-Tan, Inc. v. NLRB,* 467 U.S. 883 (1984)). As alleged in the complaint, Plaintiff resigned from her position following her performance appraisal in April 2014, during which she was reportedly informed that she could potentially lose her job for emailing one of her subordinates confidential correspondence between her and Nylund. (Compl. at ¶ 119). This allegation is insufficient to support a claim of constructive discharge. *See Morrison*, *supra*, 363 F. Supp. 2d at 591 ("An employer should be entitled to discuss and even critique employees about legitimate job performance problems without being subjected to suit."). Accordingly, Plaintiff's allegation of a constructive discharge fails to state a claim for relief.

Similarly, Plaintiff's retaliation claim against Nylund fails. The alleged retaliatory acts by Nylund against Plaintiff include a move to a smaller office and a verbal warning of termination for insubordination. (Compl. at ¶¶ 65, 119).  Yet, neither of these incidents can support a claim of retaliation. *See, Smith v. AVSC Int'l, Inc.*, 148 F. Supp. 2d 302, 314 (termination for insubordination is not discriminatory retaliation); *Morrison*, *supra*, 363 F. Supp. 2d at 591 (the loss of an office does not constitute an adverse employment action).

In light of the foregoing, Nylund respectfully requests a pre-motion conference, as she intends to file a Rule 12(b)(6) motion to dismiss the complaint. Thank you for your consideration of this request.

            Respectfully submitted,

            GORDON & REES LLP

            *Ryan Sestack*
            Ryan Sestack