
Moritt Hock
& Hamroff LLP
ATTORNEYS AT LAW

**Alexander D. Widell**
Partner
Direct Number: (516) 880-7233
Email: awidell@moritthock.com

January 8, 2016

**VIA ECF AND EMAIL**

The Honorable Judge Richard J. Sullivan
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
New York, New York 10007

Re:   *Jessica L. Wahl v. Sterling & Sterling Inc., et al.*
      **Civil Action No. 15-cv-06522 (RJS)**

Dear Judge Sullivan:

This firm represents defendants Sterling & Sterling Inc. ("Sterling") and David Sterling, Sterling's Chief Executive Officer (the "Sterling Defendants") in the above-referenced action. We submit this letter, jointly with counsel for plaintiff Jessica Wahl and counsel for co-defendant Leslie Nylund ("Nylund"), pursuant to the Court's Orders dated October 26, 2015 and November 23, 2015.

A. **Nature of the Action and Principal Defenses**

   1. **Nature of the Action**

Sterling is an insurance broker and risk management firm. Sterling hired Plaintiff in May 2011 as Senior Vice President, Claims and ES&P. Approximately three years later, Plaintiff requested and was granted leave due to alleged medical issues. Following her decision to take medical leave, Plaintiff filed the above-referenced action against the Sterling Defendants and Nylund, her immediate supervisor, alleging (1) hostile work environment, (2) retaliation, and (3) constructive discharge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"). Plaintiff claims, *inter alia*, that Sterling's male "producers" (*i.e.*, salespersons), with the Defendants' condonation, abused her and other female employees who support the producers on the service side of the business. Plaintiff also alleges that two employees of the firm made insults,



The Honorable Richard J. Sullivan
January 8, 2016
Page 2

jokes, and comments targeted at women and single mothers, herself included. Plaintiff contends that Nylund failed to take steps to protect Plaintiff from the aforesaid misconduct, and retaliated against her for reporting the misconduct by moving her to a smaller office and, without justification, issuing her a warning for insubordination during a performance review. Plaintiff further contends that she was constructively discharged from her position on account of the alleged maltreatment she was subjected to during the course of her employment.

2. **Principal Defenses**[1]

   a. **Principal Defenses of the Sterling Defendants**

   (i) The Title VII claims are time barred;

   (ii) The Title VII claims against David Sterling are barred because individuals are not subject to liability under Title VII;

   (iii) The hostile workplace claim fails because the Sterling workplace was not permeated with discriminatory intimidation;[2]

   (iv) The hostile work environment claims fails for lack of discriminatory animus;

   (v) The retaliation claim fails because the alleged acts of retaliation – a move to a smaller office (that never happened) and a verbal warning for insubordination – are not actionable; and

   (vi) The constructive discharge claim fails because Plaintiff voluntarily resigned due to physical and emotional health issues.

   b. **Principal Defenses of Nylund**

   (i) The Title VII claims against Nylund fail because individuals are not subject to liability under Title VII;

---

[1] More detailed summaries of the Sterling Defendants' and Nylund's defenses are set forth in their pre-motion letters to the Court, dated November 19, 2015 and November 23, 2015, respectively.

[2] Hostile work environment claims under both Title VII and the NYSHRL are governed by the same standard. *Summa v. Hofstra Univ.*, 708 F.3d 115, 123-24 (2d Cir. 2013).



The Honorable Richard J. Sullivan
January 8, 2016
Page 3

    (ii)    The hostile work environment claims against Nylund fail because Nylund did not engage in any of the alleged discriminatory acts;

    (iii)    The hostile work environment claims against Nylund fail because the alleged misconduct was insufficiently severe or pervasive to alter Plaintiff's working conditions;

    (iv)    The retaliation claims against Nylund fail because Plaintiff did not suffer an adverse employment action; and

    (v)    The constructive discharge claims against Nylund fail because Plaintiff voluntarily resigned; and

    (vi)    The constructive discharge claims against Nylund fail because Plaintiff was not subjected to intolerable working conditions

### B. Jurisdiction and Venue in this Court is Proper

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, arising of Plaintiff's claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The Court also has diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1). Plaintiff alleges that she is a citizen of the State of Florida, each defendant is a citizen of the State of New York, and Plaintiff has alleged that the amount in controversy exceeds $75,000.

Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (d) because at least one of the defendants resides in this district and all defendants are residents of the State of New York.

### C. Description of All Outstanding Motions and/or Outstanding Requests to File Motions

There are no outstanding motions. By letter dated November 19, 2015, the Sterling Defendants advised the Court that they intended to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). By letter dated November 23, 2015, Nylund advised the Court that she intended to file a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6). Plaintiff's counsel submitted responses to these pre-motion letters which, among other things, indicated his intent to file an amended complaint that would omit the Title VII claims against the individual defendants and add allegations of discriminatory acts subsequent to April 17, 2014.



The Honorable Richard J. Sullivan
January 8, 2016
Page 4

### D. Description of Discovery That Has Already Taken Place and That Which Will Be Necessary for the Parties to Engage in Meaningful Settlement Negotiations

No discovery has taken place. Pursuant to the proposed Case Management Plan and Scheduling Order submitted simultaneously herewith, the parties will be making their Initial Disclosures on or before January 29, 2016.

Plaintiff intends to take discovery with respect to the discriminatory events alleged in the Complaint. The Sterling Defendants and Nylund intend to take discovery with respect to the specific discriminatory events alleged in the complaint, Plaintiff's medical history, and the extent of Plaintiff's alleged damages. The Sterling Defendants and Nylund will also seek disclosure of alleged recordings Plaintiff made that she claims supports her allegations.

### E. Prior Settlement Discussions

In late 2014, after Plaintiff's counsel presented Sterling with a draft affidavit of Plaintiff's EEOC Charge of Discrimination, Sterling requested that Plaintiff make a demand. Plaintiff made that demand in writing on December 22, 2014. On or about January 9, 2015, counsel for Plaintiff and former counsel for the Sterling Defendants and Nylund had a follow-up settlement conversation. Settlement discussions ceased after that discussion.

### F. Estimated Length of Trial

The parties estimate the length of trial to be 7 trial days.

Respectfully,

Alexander D. Widell

cc:   Martin R. Lee, Esq. (by email and ECF)
      Mercedes Colwin, Esq. (by email and ECF)

847010v5