

**Alexander D. Widell**
Partner
Direct Number: (516) 880-7233
Email: awidell@moritthock.com

January 19, 2016

<u>**Via ECF and Email**</u>

The Honorable Judge Richard J. Sullivan
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
New York, New York 10007

      Re:    <u>*Jessica L. Wahl v. Sterling & Sterling Inc., et al.*</u>
              <u>**Civil Action No. 15-cv-06522 (RJS)**</u>

Dear Judge Sullivan:

      This firm represents defendants Sterling & Sterling Inc. ("SSI") and David Sterling (the "Sterling Defendants") in the above-referenced matter. We write, pursuant to Your Honor's Order dated January 13, 2016, to address how Plaintiff's amended complaint, filed on January 14, 2016 (the "Amended Complaint"), affects the Sterling Defendants' contemplated motion to dismiss.

      In short, aside from dropping her Title VII claims against individual defendant David Sterling, the Amended Complaint does not cure any of the deficiencies identified in our pre-motion letter dated November 14, 2015.[1] Indeed, the Amended Complaint does not purport to amend any of the existing allegations of hostile work environment, retaliation and constructive discharge contained in the initial complaint. Rather, in an effort to take advantage of the "continuing violation" doctrine and avoid dismissal of Plaintiff's time-barred Title VII claims, Plaintiff added allegations of discrete retaliatory acts that allegedly occurred within the limitations period (after May 6, 2014). *See* Amended Complaint ¶¶ 128-135. Those additional allegations, however, do not revive Plaintiff's time-barred hostile work environment claim based on the "continuing violation" doctrine; they also fail to state a free-standing retaliation claim.

---

[1] In our pre-motion letter dated November 14, 2015, we explained that: (1) Plaintiff's Title VII claims are time barred; (2) Plaintiff's Title VII discrimination and retaliation claims against any individual defendant, including David Sterling, are improper; (3) Plaintiff failed to adequately allege discriminatory animus; and (4) Plaintiff admits that she has not been constructively discharged.



The Honorable Richard J. Sullivan
January 19, 2016
Page 2


A.  **The New Allegations of Discrete Retaliatory Conduct Do Not Save Plaintiff's Time-Bared Hostile Work Environment Claim**

  Plaintiff's additional allegations do not operate to revive Plaintiff's time-barred hostile work environment claim based on the "continuing violation" doctrine. Under the "continuing violation" doctrine, if one act of discrimination in furtherance of the ongoing policy of discrimination occurred within the limitations period, then all acts of discrimination pursuant to that policy will be deemed timely "even if they would be untimely standing alone." *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 155-56 (2d Cir. 2012). However, "discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 112, 122 S. Ct. 2061 (2002). *See also Semper v. N.Y. Methodist Hosp.*, 786 F. Supp. 2d 566, 580 (E.D.N.Y. 2011); *Thompson v. Brookdale Univ. Hosp. & Med. Ctr.*, 2015 U.S. Dist. LEXIS 160869, at *10-11 (E.D.N.Y. Dec. 1, 2015).

  In *Semper v. N.Y. Methodist Hosp.*, in an unsuccessful effort to stave off summary dismissal based on the statute of limitations, the plaintiff filed an amended complaint to add allegations similar to those alleged by Plaintiff in this case. The Court held that the new allegations did not save the time-barred claims pursuant to the continuing violation doctrine:

> In her proposed Amended Complaint, Plaintiff argues that Methodist Hospital's persistence in withholding from her duly-earned vacation and unused sick time triggers the application of the continuing violation doctrine. However, refusal to pay benefits more closely resembles a discrete discriminatory act actionable in itself than evidence of an ongoing discriminatory policy or mechanism — the failure to pay benefits related to termination is more properly understood as a one-time event than an ongoing practice of discrimination. *See Allah v. City of N.Y. Dep't of Parks & Recreation*, 47 Fed. Appx. 45, 2002 WL 31119698, at *3 (2d. Cir. 2002) (refusing to apply continuing violation doctrine to discrete acts such as transfers, termination, loss of pay, and loss of vacation).
>
> Accordingly, Plaintiff may not use Methodist Hospital's withholding of benefits to render timely any alleged discriminatory actions falling outside of the statutory filing period. . . . As the pre-termination allegations, and the termination itself, both occurred outside of the statutory time period, they are time-barred notwithstanding an



The Honorable Richard J. Sullivan
January 19, 2016
Page 3

>   independent discrete act such as withholding benefits that may hypothetically fall within the statutory time-period.

786 F. Supp. 2d at 580 (citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. at 112).

In this case, Plaintiff's Amended Complaint does not allege any hostile work environment or discriminatory policy that extended into the limitations period. To the contrary, Plaintiff alleges only post-termination, discrete retaliatory acts within the limitations period – *i.e.*, the "failure to forward . . . short term disability checks to" Plaintiff and being "dilatory in providing FMLA leave benefits to" Plaintiff. *See* Amended Complaint ¶¶ 128-135. Accordingly, as in *Semper v. N.Y. Methodist Hosp.*, those allegations of discrete discriminatory conduct do not render timely the alleged discriminatory actions falling outside of the limitations period.

**B.     The New Allegations Do Not State a Retaliation Claim**

Accepting Plaintiff's allegations as true (they are not), the newly added retaliation claim must be dismissed because Plaintiff has not alleged that she suffered any materially adverse effect of the retaliation – other than the bare bones conclusory allegation that "SSI's retaliation caused [her] to have emotional distress and mental anguish." Amended Complaint ¶ 135. Plaintiff has not alleged, because she cannot allege, that she did not receive and deposit every single short term disability check to which she was entitled, or that she did not receive every benefit to which she was entitled under the FMLA. *See, e.g., Torres v. Pisano*, 116 F.3d 625, 640 (2d Cir. 1997) (holding that employer's isolated request that employee drop EEOC complaint was not unlawful retaliation under Title VII because plaintiff did not suffer any negative consequences as a result of such refusal).

For these reasons, as well as those set forth in the Sterling Defendant's pre-motion letter dated November 14, 2015, the Sterling Defendants intend to file a motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully,

Alexander D. Widell

cc:     Martin R. Lee, Esq. (by email and ECF)
        Mercedes Colwin, Esq. (by email and ECF)

853956v3