RYAN SESTACK
RSESTACK@GORDONREES.COM

**GORDON & REES** LLP

ATTORNEYS AT LAW
ONE BATTERY PARK PLAZA 28TH FLOOR
NEW YORK, NEW YORK  10004
PHONE: (212) 453-0700
FAX: (212) 269-5505
WWW.GORDONREES.COM

January 19, 2016

**VIA ECF AND EMAIL**
The Honorable Richard J. Sullivan, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room, Room 2104
New York, New York 10007

    Re: *Jessica L. Wahl v. Sterling & Sterling, et al.*
       Civil Action No.: 15-cv-06522 (RJS)

Dear Judge Sullivan:

  We represent defendant, Leslie Nylund ("Nylund"), in the above matter. In accordance with Your Honor's order dated January 13, 2016, we respectfully submit this letter to address how the amended complaint affects Nylund's contemplated motion to dismiss.

  As you recall, Plaintiff's complaint asserted claims of discrimination, retaliation, and constructive discharge against Nylund under Title VII of the Civil Rights Act of 1964 ("Title VII") and under the New York State Human Rights Law ("NYSHRL"). Except for two substantive changes that affect Nylund, Plaintiff's amended complaint is the same as the original complaint.

  The first such substantive change is that Plaintiff's amended complaint does not contain claims against the individual defendants, including Nylund, under Title VII. Thus, Nylund no longer seeks the dismissal of those claims.

  The second such substantive change pertains to the fourth cause of action, which purports to set forth a claim of retaliation under the NYSHRL. In the fourth cause of action, Plaintiff has added allegations that Nylund had the power to carry out personnel decisions, that she contributed in the discrimination, and that she was aware of, and complicit with, the discrimination. Nonetheless, these additions amount to nothing more than conclusory allegations, which are insufficient to sustain a claim of discrimination under the NYSHRL. *See*, *Dechberry v. N.Y.C. Fire Dep't*, 14-cv-2130, 2015 U.S. Dist.

LEXIS 107346, *10 (E.D.N.Y. Aug. 14, 2015) (plaintiff's hostile work environment claim was dismissed because it was based on conclusory allegations unsupported by specific facts).

      Thus, Nylund maintains that Plaintiff has still failed to state a viable claim against her. Nylund intends to file a Rule 12(b)(6) motion to dismiss the amended complaint for the reasons set forth herein as well as all the reasons set forth in the November 23, 2015 letter to the Court (except for those pertaining to claims against individuals under Title VII).

      Respectfully submitted,

      GORDON & REES LLP

      *Ryan Sestack*
      Ryan Sestack

cc:    Martin R. Lee, Esq. (by ECF)
       Alexander D. Widell, Esq. (by ECF)